**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2511-19T1

NR DEED, LLC,

     Plaintiff-Respondent,

v.

JOHN-HAROLD HAHN, JR.,
a/k/a John Harold Hahn, Junior;
Mrs. John-Harold Hahn, Junior,
a/k/a John Harold Hahn, Junior,
wife of John-Harold Hahn,
Junior; and State of New Jersey.

     Defendants-Appellant.

_____

Submitted January 13, 2021 – Decided February 3, 2021

Before Judges Geiger and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Atlantic County, Docket No. F-004542-18.

John Marshall, appellant pro se.

Goldenberg, Mackler, Sayegh, Mintz, Pfeffer, Bonchi & Gill, attorneys for respondent (Keith A. Bonchi, of

counsel and on the brief; Elliott J. Almanza, on the brief).

PER CURIAM

Defendant John-Harold Hahn, Jr., a/k/a "John Marshall (flesh and blood man)," (Hahn) appeals from a December 23, 2019 Chancery Division order denying his motion to vacate the final judgment entered against him and a February 10, 2020 order denying his motion for reconsideration.

Hahn is the record title owner of property in the Town of Hammonton (the property). He failed to pay the real estate taxes on that property for approximately four years. The municipality conducted a tax sale. Christiana Trust, LLC, purchased the tax sale certificate and assigned it to plaintiff NR Deed, LLC, which filed this action against Hahn to foreclose the tax sale certificate.

Plaintiff attempted to personally serve defendant with process on multiple occasions at three different addresses, including a Blackwood address shown as Hahn's address on the deed and municipal tax records, and the property itself. Those attempts were thwarted by defendant assuming the false identity of John Marshall, removing mailboxes from the property, and purportedly transferring title to the property to a third party by an unrecorded deed, and reconveying the

property to himself by way of a second unrecorded deed, using an alias as the grantee.

The process server advised that the Blackwood address was an unoccupied, vacant store front. Plaintiff then undertook diligent inquiry to locate defendant. A postal inquiry revealed that there was "no mail receptacle" at the property. A postal inquiry for the Blackwood address was return marked: "Moved, left no forwarding address."

Plaintiff also had a skip trace performed to identify other potential addresses for Hahn. In addition to the Blackwood address, the skip trace revealed another potential address in Williamstown. Attempts to serve Hahn at that address were also unsuccessful as the returns stated it was gated and locked when each attempt at service was made. A subsequent postal inquiry for the Williamstown address was returned marked: "Moved, left no forwarding address."

Plaintiff then undertook substituted service by mail, publication, and posting the property. As part of that effort, a copy of the summons and complaint was simultaneously mailed by certified and regular mail to the Williamstown address, the Blackwood address, and the property. The mailings to the Blackwood address were returned marked "NMR" (no mail receptacle).

A-2511-19T1

The regular mail to the Blackwood address was not returned, but the certified mailing was returned marked "attempted not known" and "no such person." The mail to the property was not returned.

The notice to absent defendant was published in the Press of Atlantic City, a newspaper of general circulation in Atlantic County, on September 20, 2018. On October 15, 2018, a copy of the complaint and notice to absent defendant was posted on the property.

In addition, numerous motions, pleadings, and orders were sent to the property by simultaneous certified and regular mail. These mailings included the motion for an order setting time to redeem, the request to enter default, and the final judgment. Some of those mailings were returned marked "unclaimed" or "no mail receptacle."

Hahn did not file a responsive pleading or move to the dismiss the action for lack of service of process. Final judgment was entered on March 20, 2019. An inspection of the property revealed it was occupied, so plaintiff sought and obtained a writ of possession. On July 24, 2019, the writ of possession was served on Hahn at the property by a sheriff's officer. A lockout of the property, which was found to be vacated, was completed on August 15, 2019.

A-2511-19T1

On October 28, 2019, using the name John Marshall, Hahn moved to vacate the final judgment. He claimed plaintiff's complaint was invalid and served on the "wrong defendant." Hahn also claimed that John Marshall was the owner of the property by an unrecorded deed. Plaintiff opposed the motion, arguing that Hahn had been residing at the property and evading service, noting Hahn was found there when the sheriff's officer served the writ of possession.

During oral argument on the motion, Marshall admitted that he used to be known as Hahn. The court found that Hahn and Marshall were the same person. The court recounted plaintiff's diligent inquiry and its attempts to serve Hahn. The court further found that there was circumstantial evidence that Hahn may have been evading service. The court concluded that the published notice to absent defendant and posting of the property satisfied the rule for substituted service. It also found that the order setting the time, place, and amount to redeem were served by mail on December 5, 2018, and the final judgment was served by mail on August 15, 2019. Lastly, the court found Hahn was personally served with the writ for possession by a sheriff's officer on July 24, 2019, "which confirm[ed] that Mr. Hahn was residing at the property and was evasive of service of process."

The court found that plaintiff undertook diligent inquiry and service of process was properly made by publication and mailing. The court reiterated that Hahn attempted to evade service.

The court found that the 2014 deed from Hahn to Shirley Katz was unrecorded. Hahn admitted the deed conveying the property to Marshall was also unrecorded. Therefore, pursuant to N.J.S.A. 54:5-89.1, Katz and Marshall were bound by the by the foreclosure judgment as if they had been parties to the action and a judgment had been entered against them. For these reasons, the court concluded there was no basis to vacate the judgment and denied the motion

On January 10, 2020, Hahn moved for reconsideration. Hahn asserted that the court erred in determining that service of process was proper. He argued that service was defective and violated his right to due process. He claimed that it was not clear that the process server really attempted to serve him at the Blackwood address. He further claimed that the process server failed to make multiple attempts at service at that address. Hahn also claimed that plaintiff failed to provide proof that the complaint was mailed to the address that plaintiff's counsel believed Hahn resided and, therefore, even substituted service was not properly effectuated. Lastly, Hahn claimed that when compared to the

A-2511-19T1

property's assessed value, the amount of the judgment would result in an inequitable windfall.

Following oral argument, the court issued a February 6, 2020 oral decision and February 10, 2020 order denying the motion. The court found that:

> personal service in this case was not only attempted at the subject property where the defendant admittedly resided during the initiation and foreclosure until eviction, but also two other properties where the defendant was found to . . . potentially have connection by way of a skip trace search. When personal service could not be effectuated plaintiff sent numerous mailings to the subject property. Notice was posted in the press and on the subject property. Therefore, this [c]ourt finds that the service of process was properly made . . . by publication and mailing to the subject property, and by diligent attempts to serve the defendant.
>
> . . . .
>
> The [c]ourt finds that the [twenty-two] attempts through written mail[ings] present[] a presumption that service was effectuated under [SSI Med. Services v. State Dep't of Human Services, 146 N.J. 614, 621 (1996)].
>
> . . . .
>
> The [c]ourt also finds the defendant cannot fail to claim a certified mail and then argue that the plaintiff did not comply with the statutory notice requirements . . . .

The court applied the doctrine of unclean hands due to Hahn's posting of a large sign that read:  "No trespassing to all persons, officers, and governmental agencies, including but not limited to federal officers of the IRS, HEW, HUD, Environmental Health Services Workers that are unconstitutional agencies, and to all local members of Planning and Zoning boards," and "that there would be a land use fee of $5,000 per person."  The court also noted Hahn's lack of a mail receptacle.  The court found plaintiff made diligent efforts to serve Hahn.

Based on these findings, the court determined Hahn did not meet the standards for reconsideration and denied the motion.  This appeal followed.

Defendant raises the following points for our consideration.

> POINT I
>
> THE TR[IAL] COURT ERRED IN VACATING DEFAULT [JUDGMENT].  THE NAME ON THE WRIT IS A CORPORATE LEGAL FICTION AND NOT ME.  THE REAL OWNER OF SAID PROPERTY[,]  [ON]  MIDDLE  ROAD[,] HAMMONTON, NEW JERSEY[,] IS FLESH AND BLOOD MAN OF GOD JOHN MARSHALL.
>
> POINT II
>
> EVEN IF THE PLAINTIFF WAS AWARDED SAID PROPERTY[,] THE ORIGINAL OWNER SOLD SAID PROPERTY ON DECEMBER 9, 2014[,] BEFORE [THE] TAX SALE.  MARCH 20, 2019 JUDG[]MENT DATE.  CONTRACT MAKES THE

8

LAW, BLACK'S LAW 2D 704 BOLV. 135 <u>ALLEN V. MERCH BANK OF N.Y.</u> 22 WEND. (NY) 215, 233.

After reviewing the record in light of the contentions advanced on appeal, excepting as noted, we affirm substantially for the reasons expressed in the Chancery Judge's December 13, 2019 and February 6, 2020 oral decisions. We add the following comments.

"The decision whether to grant . . . a motion [to vacate a final judgment of foreclosure] is left to the sound discretion of the trial court[.]' <u>U.S. Bank Nat'l Ass'n v. Curcio</u>, 444 N.J. Super 94, 105 (App. Div. 2016) (third alteration in original) (quoting <u>Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n</u>, 132 N.J. 330, 334 (1993)). "The trial court's determination . . . warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." <u>Ibid.</u> (alteration in original) (quoting <u>U.S. Bank Nat'l Ass'n v. Guillaume</u>, 209 N.J. 449, 467 (2012)). We likewise review the denial of a motion for reconsideration for abuse of discretion. <u>Cummings v. Bahr</u>, 295 N.J. Super. 374, 389 (App. Div. 1996). We discern no abuse of discretion. The court's factual findings are fully supported by the record, and its legal conclusions are consonant with applicable law.

The record demonstrates that Hahn attempted to evade service in several ways. "The primary method of obtaining in personam jurisdiction over a

defendant in this State is" by personal service. R. 4:4-4(a). "[I]n personam jurisdiction may [also] be obtained by mail under the circumstances and in the manner provided by [Rule] 4:4-3." R. 4:4-4(a). Rule 4:4-3(a) provides that "[i]f personal service cannot be effected after a reasonable and good faith attempt, . . . [t]he party making service may, at the party's option, make service simultaneously by registered or certified mail and ordinary mail, and if the addressee refuses to claim or accept delivery of registered mail and if the ordinary mailing is not returned, the simultaneous mailing shall constitute effective service." R. 4:4-3(a). Plaintiff met those requirements.[1]

The record reflects that after attempts at personally serving Hahn at multiple addresses, plaintiff sent copies of the summons and complaint simultaneously by certified and regular mail to the Hammonton property, the Blackwood address, and the Williamstown address. Service of process was thus proper under Rule 4:4-3(a) and afforded Hahn adequate due process.

Hahn attempted to avoid foreclosure by conveying the property to Katz, then back to Hahn under the name Marshall, by unrecorded deeds. Pursuant to N.J.S.A. 54:5-89.1, Katz and Marshall were bound by the foreclosure judgment

---

[1] The judge's misapplication of Rule 4:4-4(b)(1)(c), which applies to substituted service outside this State, was harmless error. See R. 2:10-2.

A-2511-19T1

in the same manner as if they had been made parties to the action and a judgment had been entered against them.

Hahn's arguments are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2511-19T1